UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIUD MORALES,

                Plaintiff,

    - against -

TSUNAMI POOLS, INC. d/b/a PLATINUM
POOLS and MARK TURRISI,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-5831 (RRM) (AKT)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Eliud Morales brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Articles 6 and 19 of New York Labor Law ("NYLL"). (*See generally* Compl. (Doc. No. 1).) Morales names as defendants Tsunami Pools, Inc. ("Tsunami Pools") and its principal Mark Turrisi. (*Id.*) Morales now moves for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Motion for Default Judgment ("Mot.") (Doc. No. 13).) For the reasons set forth below, the motion is denied. Morales is hereby ordered to show cause in writing within 30 days of the date of this Order as to why service on Turrisi was not defective. If Morales fails to show cause in writing within 30 days of this Order, this action may be subject to dismissal.

      Turrisi submitted a pro se letter in response to Morales's motion for default judgment. (Turrisi Letter ("Letter") (Doc. No. 17).) This Court construes the Letter as a motion to set aside the entry of default. However, because Turrisi cannot appear pro se on behalf of corporation Tsunami Pools, Tsunami Pools is granted 60 days' leave to retain counsel and to file an amended motion to set aside the entry of default.

## BACKGROUND

On October 18, 2018, Morales filed the instant action. (Compl. (Doc. No. 1).) The complaint alleges that defendants, Morales's employers, Tsunami Pools and Turrisi, willfully violated both the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Articles 6 and 19 of New York Labor Law ("NYLL"). (Compl ¶ 1.) Morales alleges that Tsunami Pools and Turrisi failed to pay him overtime compensation and his last week of wages, failed to provide proper wage notices, and failed to provide wage statements. (*Id.* ¶¶ 5–10.)

As reflected in an affidavit of service (*see generally* Aff. of Service (Doc. No. 6)), service of the summons and complaint was ostensibly made on defendant Turrisi at 74 Elwood Road, Northport, New York 11768 by two methods: 1) on November 8, 2018, "by affixing a true copy of each to the door of said premises which is defendants dwelling house," and 2) on November 13, 2018, by "mailing" the summons and complaint to Turrisi at his "last known actual place of residence . . . ." (*Id.*) The affidavit of service also reflects that the process server, "asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity and received a negative reply." (*Id.*)

On January 16, 2019, after Tsunami Pools and Turrisi failed to respond to the complaint or otherwise defend the action, the Clerk of the Court entered their default. (Doc. No. 10.) There is no indication on the docket that the certificate of default was served on either defendant. On March 29, 2019, Morales moved for default judgment against Tsunami Pools and Turrisi. (Motion for Default Judgment ("Mot.") (Doc. No 13).) On April 10, 2019, the Court received a pro se letter from Turrisi. (Letter at 1.)[1] The Letter purported to also be sent on Tsunami Pools' behalf. (*Id.*) According to Turrisi's letter, Tsunami Pools did not have a gross annual revenue

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing system.

2

exceeding $500,000 in the years Morales was an employee and therefore the suit is precluded because the FLSA is only applicable to companies with total gross annual revenue exceeding $500,000. (*Id.*) The letter does not explain why Turrisi failed to timely answer the complaint but the Letter does dispute Morales's claims regarding his work hours and pay. (*Id.*)

## DISCUSSION

### I.      Servicemembers Civil Relief Act

Pursuant to the Servicemembers Civil Relief Act ("the Act"), before entering judgment in any action in which the defendant has not made an appearance, the court must require the plaintiff to file an affidavit with the court stating whether the defendant is or is not in military service. 50 U.S.C. § 3931(b)(1). The affidavit must provide the specific facts necessary to support the conclusion stated and may not be based on conclusory statements or on "information and belief." *Id.*

Here, it is unclear whether Morales has complied the Act. The process server checked the box on his affidavit indicating that "the person spoken to" told him that Turrisi was not in the military. (Doc. No. 6.) Yet, the rest of the affidavit makes clear that the process server never succeeded in speaking to anyone at Turrisi's address. (*Id.*) Morales is directed to show cause in writing within 30 days of this Order as to why service on Turrisi was not defective for failure to comply with 50 U.S.C. § 3931(b)(1).

### II.     Turrisi's Letter

Default judgments require a two-step process. Fed. R. Civ. P. 55(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the Clerk enters a default against a party who has not responded in a case. *Green*, 420 F.3d at 104. The non-defaulting party may then move for default judgment under Rule 55(b). *Id.* Pursuant to Rule 55(c), a party may then move to set

3

aside the entry of default. Fed. R. Civ. P. 55(c). The Second Circuit has held that a pro se response to a 55(b) motion can be treated as a Rule 55(c) motion to set aside an entry of default, despite not being properly filed. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("Even if a default had been entered, opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion.").

The Court construes Turrisi's Letter as a motion to set aside the entry of default as to Turrisi. However, the defenses Turrisi advances in his Letter appear to be on behalf of Tsunami Pools. Corporations must have attorney representation and cannot appear before the Court pro se. *See Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006) (noting that it was settled law that a corporation could only appear by counsel, and when a corporation fails to appear by counsel a default judgment could be awarded). As Tsunami Pools is a corporation, Turrisi's pro se Letter cannot be construed as a motion to set aside entry of default as to Tsunami Pools. *Trans Atl. Airlines, Inc. v. Kambi Travel Int'l*, No. 05-CV-2552 (RLE), 2006 WL 559111, at *1 (S.D.N.Y. Mar. 6, 2006) (Determining in a case where a pro se defendant in an FLSA claim attempted to represent a corporation on a motion to dismiss that "[t]he Court will consider the motion to dismiss only with respect to . . . the individual defendant."). Tsunami Pools is granted 60 days' leave to retain counsel and file an amended motion.

## CONCLUSION

Morales motion for default judgment is denied without prejudice. Morales is directed to show cause in writing within 30 days of the date of this Order as to why service on Turrisi was not defective. If Morales fails to show cause in writing within 30 days of this Order, this action may be subject to dismissal. Defendants are granted 60 days' leave to retain counsel and file an

4

amended motion.  The Clerk of Court is respectfully directed to send a copy of this Order to

Show Cause to Turrisi by overnight mail and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York          *Roslynn R. Mauskopf*
      May 18, 2020
                                                   ROSLYNN R. MAUSKOPF
                                                   Chief United States District Judge